By the Court.—Sedgwick, Ch. J.
The plaintiff testator provided in his will as follows: “ I hereby appoint and authorize H. L. Horton and Thomas J. Hyatt to be my executors of this my last will and testament, and 1 hereby authorize my said executors to sell all or any part of my real and personal estate at any time in their joint discretion—that is to say one is not authorized to sell or exchange without the consent and co-operation of the other—and to give valid" deeds of the same to the purchaser.”
Letters testamentary were issued to the plaintiff *66 Hyatt, and Horton renounced his right to letters' testamentary.
The plaintiff as executor and the defendant entered into a contract to sell and buy real estate formerly of the testator. The defendant objected to take title on a ground which occasions the only question in the case. That question is, “Has Thomas J. Hyatt, as sole acting executor, power under the will to convey to defendant-valid title to the premises ? ”
The plaintiff claims under section 2642 of the Code of Civil Procedure, which provides, “ and where any powers to sell, mortgage or lease any real estate or any interest therein are given to executors as such, or as trustees, or as executors and trustees, and any of such persons named as executors shall neglect to qualify, then all sales, mortgages and leases under said powers, made by the executors who shall qualify, shall be equally valid as if the other executors or trustees had joined in such sale.”
This statute does not deprive a testator of the right of declaring it to be his will that a power of sale, shall not exist in one executor, although the other neglect to qualify. The testator had legal right to shape the power and to declare who should exercise it.
In the present case, the intent was that a single executor, whatever should be the cause of his being single executor, should have no power to sell, and that the power to sell should be based upon the exercise of a joint discretion.
I am of opinion that the defendant should have judgment with costs.
Freedman and Truax, JJ., concur.